## Lott B. Ware v. Bert Souders.

1. INSTRUCTIONS—*must not submit questions of law to jury.* An instruction is erroneous which submits to the jury the question as to what constitutes "ownership." Whether the particular facts relied upon establish ownership is a question of fact, but whether the same constitute ownership is one of law.

2. INSTRUCTION—*when failure to define " actual notice," erroneous.* An instruction is erroneous which contains the phrase "actual notice," and does not define the same, where the jury are likely to be mislead thereby.

3. PERSONAL PROPERTY—*what does not establish ownership of.* Possession does not, as a matter of law, establish conclusively the actual ownership of personal property.

Action of replevin. Appeal from the Circuit Court of Macon County; the Hon. W. C. JOHNS, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

JACK & DICK, for appellant.

MILLS & FITZGERALD, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This was an action of replevin by appellant against appellee to recover possession of several horses and wagons alleged to have been taken and wrongfully detained by appellee. A trial by jury in the Circuit Court resulted in a verdict for the defendant, upon which a judgment was rendered and a writ of *retorno habendo* awarded. The plaintiff appeals, and as grounds for reversal urges that the court erred in admitting improper evidence on the part of the defendant and in its rulings upon the instructions, and that the verdict is contrary to the law and evidence.

The defendant pleaded *non cepit, non detinet,* property in himself, and property in one Markwell.

The facts involved, briefly stated, are as follows: Several years prior to the suit at bar, appellant, Ware, purchased of one Cross a dray line business in the city of Decatur, to-

gether with the good will attached thereto. He employed to assist him in the conduct of the business, one Markwell, who had formerly worked for Cross. On June 15, 1904, Ware sold the business to Markwell. Later Markwell sold a one-half interest in, and finally the entire business, to appellee, Souders. It is insisted by appellant that the sale by him to Markwell was upon condition that the title to the property was to remain in him, Ware, until all of certain conditions entering into the contract of sale were complied with by Markwell; that such conditions were never complied with; that defendant, Souders purchased the dray line of Markwell with full knowledge of Markwell's holding and of the fact that Markwell could convey no title to him; that in fact Souders became vested with no title to said property and has never been vested with the title; but that the same remained in him, Ware.

There is a sharp conflict in the evidence upon the questions as to whether or not the sale to Markwell by Ware was conditional and if there was, whether Souders was aware of the fact when he bought the property. As the judgment must be reversed for the errors in instructions hereafter indicated, it will be unnecessary to discuss or weigh the evidence.

The second instruction given to the jury at the request of the appellee was as follows:

" If you believe from the evidence that the witness, Markwell, was in the open, notorious and exclusive possession of the property described in the declaration, from the 15th day of June, A. D. 1903, to March 11, 1904, and that upon said last-mentioned date he sold said property to the defendant, Souders, and delivered possession of the same to said Souders, then under the law the jury could only discharge their duty by a verdict for the defendant, unless a preponderance of the evidence shows said Markwell was not the owner of said property and said Souders had actual notice that said Markwell was not the owner of said property."

The instruction is erroneous in that it submits to the jury the question as to what constitutes ownership; whether the facts relied upon to establish ownership exist, is a ques-

tion for the jury, but whether the same constitutes owner-ship is a question of law.   The instruction is misleading in that it tells the jury, in effect, to find that Souders must have had *actual* notice that Markwell was not the owner of the property.

What the jury understood by the expression "actual notice" as used in the instruction is exceedingly problemat-ical.   They may have readily taken it to mean that Markwell must have had direct and positive knowledge of the fact, or that he received express notice thereof.   Such is not the law.   If facts and circumstances which would have placed an ordinarily prudent person upon inquiry as to the ownership of the property, were shown by the evidence to have been brought to the knowledge of Souders, notice to him would be inferred.   The use of the words "open, notorious and exclusive possession" was also objectionable as tending to lead the jury to believe that such possession was conclusive proof of actual ownership, disregarding the question as to whether such possession was adverse or otherwise.   While open, notorious and exclusive possession raises a strong presumption of ownership, it is not conclusive thereof.

Appellee's third instruction is erroneous in that it also requires actual notice to appellee of the alleged conditional sale.

The eighth instruction upon the credibility of witnesses offered by appellant and refused, should have been given. The tests of credibility therein enumerated are but partially covered by appellant's first given instruction.

In view of the conflict in the testimony, the instructions should have been clear, perspicuous and free from uncer-tainty.   Those referred to were ambiguous and misleading. The judgment will therefore be reversed and the cause re-manded.

*Reversed and remanded.*